[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14055
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cv-60447-PAS


TRAVIS B. JACKSON,

                                                        Plaintiff - Appellant,

                          versus

TODD HILL,
Patrol Officer at Fort Lauderdale Police Department,
ROBERT NORVIS,
a.k.a. Robert Morris,

                                                        Defendants - Appellees,

JOHNNY MCCRAY,
Attorney, et al.,

                                                        Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 4, 2012)

Before CARNES, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Travis B. Jackson, proceeding *pro se* and *in forma pauperis*, appeals the district court's denial of his motion to compel discovery and grant of summary judgment for defendants. He argues that (1) he was denied the opportunity for adequate discovery and thus unable to produce evidence that would have precluded a grant of summary judgment, and (2) the magistrate judge and district court erred by making credibility determinations.

We review for abuse of discretion the denial of a motion to compel discovery. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006). "[A] district court is allowed a range of choice in such matters, and we will not second-guess the district court's actions unless they reflect a clear error of judgment." *Id.* (internal quotation marks omitted). We hold *pro se* pleadings to a less stringent standard than attorney-drafted pleadings and liberally construe them. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

2

On November 4, 2010, after the court had already extended the time period for discovery, Jackson filed a second request for production of documents from Defendants.  On December 13, 2010, Defendants responded.  For all the documents requested, Defendants either produced the document or provided an explanation why the document had not been included.  On January 19, 2011, Jackson filed a motion to compel Defendants to produce the documents requested on November 4, 2010.  The district court and magistrate judge denied that motion on the grounds that (1) it was untimely, and (2) the requested documents were either (i) confidential, privileged, and irrelevant or (ii) not in Defendants' possession.  Rule 26.1(h) of the Local Rules for the Southern District of Florida provides that motions to compel discovery must be filed within thirty days of the occurrence of grounds for the motion.  Because Jackson filed his motion more than thirty days after December 13, 2010, the district court and magistrate judge were correct in finding that Jackson's motion was untimely and did not abuse their discretion in denying that motion.

Jackson also contends that the district court and magistrate judge made impermissible credibility determinations when ruling on the summary judgment motions.  He does not identify where this occurred or provide any argument about this contention, and a review of the transcript reveals no such determinations.  We

3

find no error in the grant of summary judgment and affirm.

**AFFIRMED.**